ABRAHAM GLASNER, Doing Business as NORTH AMERICAN HOUSE AND WINDOW CLEANING COMPANY, Respondent, v. REGINA N. BRESSLER, Individually, and Doing Business as AMERICAN WINDOW CLEANING COMPANY; and Also as Administratrix, etc., of SIMON A. BRESSLER, Deceased, Appellant.— On appeal by defendant in an action for an injunction and an accounting (a) from a judgment granting plaintiff a permanent injunction and dismissing defendant's counterclaim, and (b) from an order supplementing such judgment by awarding plaintiff damages of $2,500, judgment and order reversed on the law and the facts and complaint dismissed, with costs. Findings of fact on which judgment and order were entered reversed and conclusions of law disapproved. New findings and conclusions will be made. Judgment directed for defendant on her counterclaim, except as to damages, with costs, without prejudice to her right to an accounting therefor as she may be advised. The so-called arbitration agreement of March 31, 1937, provided that it would be of no effect if a contrary agreement existed between the parties. Such a contrary agreement did exist in the corporate resolution of January 14, 1931, subscribed by plaintiff and defendant's intestate, who were the sole stockholders of the corporation. Furthermore, aside from the agreement embodied in the resolution, the evidence established beyond question that the corporation was merely a means by which the individuals who organized it pooled the income and expenses of their separate business enterprises, which, with the respective trade names, continued at all times to be the property of the respective individuals. The agreement of March 31, 1937, in so far as it purported to require defendant to surrender to plaintiff any of her accounts, which the evidence showed were more valuable than plaintiff's, was void for want of consideration. Carswell, Taylor and Close, JJ., concur; Lazansky, P. J., and Adel, J., dissent and vote to affirm the judgment and order. Settle order on notice.